IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

V.                              NO. 4:23-CR-101-BSM

CANDACE CHAPMAN SCOTT                                             DEFENDANT

**ORDER**

On May 3, 2023, the Court granted Defendant's oral Motion for Psychological Evaluation to determine Defendant Candace Chapman Scott's ("Scott") competency to stand trial, under 18 U.S.C. § 4241, and to determine the existence of insanity at the time of her alleged criminal act, under 18 U.S.C. § 4242. An Order to that effect was entered on May 3, 2023. *Doc. 14*.

The United States Marshal for the Eastern District of Arkansas has informed the Court that Scott has been designated to have the psychological evaluation at Metropolitan Detention Center, Los Angeles, California ("MDC-Los Angeles"). The United States Marshal Service is directed to transport Scott to MDC-Los Angeles.

Under 18 U.S.C. § 4247(b) and (c), Scott is committed to the custody of the Attorney General, or his authorized representative, for a period not to exceed thirty (30) days for a psychiatric or psychological examination under 18 U.S.C. § 4241 and for a period not to exceed forty-five (45) days for psychiatric or psychological examination under 18 U.S.C. § 4242. Both time periods exclude any time consumed by transportation.

Based on 18 U.S.C. § 4247(c), the person conducting the examination must file a report with this Court with copies to counsel for the United States, Assistant United States Attorneys Amanda Jegley and Michael Gordon, Post Office Box 1229, Little

Rock, Arkansas, 72203, and to counsel for Scott, George Morledge, 300 Spring Street, Suite 615, Little Rock, Arkansas 72201 and Seth Bowman, 1719 Broadway, Little Rock, Arkansas 72206.

The report must state whether Scott is suffering from a mental disease or defect that renders her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense; whether she was insane at the time of the offense; and, if she was insane, whether her release would create a substantial risk of bodily injury to another person or serious damage to property of another person.

Fourteen (14) days from the date the examination report is received by the Court and the parties, any party who requests a hearing regarding any issues in the report or opposes the report must file a motion for hearing or a motion in opposition, including a concise statement of opposition to the report and supporting authorities. If no motions are filed within fourteen (14) days, the Court will enter an Order adopting or rejecting the conclusions set forth in the report, and any period of excludable delay under the Speedy Trial Act will end.[1]

IT IS THEREFORE ORDERED that the delay occasioned by the examination ordered herein shall be excludable under the provisions of the Speedy Trial Act as provided by 18 U.S.C. § 3161(h)(1)(A) and (H) and (h)(7)(A). Subsection (H) excludes the delay resulting from transportation to and from places of examination "except that any time consumed in excess of ten days from the date [of] . . . an order or an order

---

[1] 18 U.S.C. § 3161(h)(1)(A).

directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable."

IT IS SO ORDERED this 8th day of June, 2023.

　　　　　　　　　　　　　　　　　　　／s／ J. Thomas Ray
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE